UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN LISS et al., | CASE NO. 3:25-cv-05861-DGE |
| Plaintiffs, | ORDER TO SHOW CAUSE |
| v. | |
| SKECHERS USA INC., | |
| Defendant. | |

This matter comes before the Court on its review of the record.  For the reasons discussed below, the Court orders Defendant to show cause why this case should not be remanded to the Thurston County Superior Court for lack of subject matter jurisdiction.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case is a proposed class action against Defendant Skechers USA Inc. ("Skechers") for allegedly sending false and misleading emails in violation of Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA").  On September 22, 2025, Skechers filed a notice of removal, removing Plaintiffs' complaint, originally filed in the

ORDER TO SHOW CAUSE - 1

Thurston County Superior Court, to federal court.  (Dkt. No. 1.)  Skechers asserts both diversity and Class Action Fairness Act ("CAFA") jurisdiction.  (*Id.*)

On November 4, 2025, Plaintiffs filed an Amended Complaint.  (Dkt. No. 28.)  Plaintiffs' Amended Complaint alleges Defendant "blasts" Washington consumers with commercial emails whose subject lines employ various tactics to create a false sense of urgency.  (*Id.* at 2.)  Plaintiffs cite as an example the "False Limited Time Message," whereby marketers create pressure to buy immediately "by saying the offer is good only for a limited time or that the deal ends soon—but without a deadline or with a meaningless deadline that just resets when reached."  (*Id.* at 5.)  Plaintiffs argue Defendant often utilizes this tactic, luring in consumers with urgent sounding subject headings in emails that do not reflect the true availability of the deal.  (*Id.* at 6–7.)  Plaintiffs cite several examples of marketing emails sent by Defendant advertising deals as being available for a limited time, only for Defendant to extend the deal for another day or sometimes several days.  (*Id.* at 7–10.)

Plaintiffs' Amended Complaint asks the Court to certify the proposed class, appoint Plaintiffs as Class representatives, and appoint Plaintiffs' counsel as Class counsel.  (Dkt. No. 28 at 16.)  Plaintiffs seek a judgment in Plaintiffs' and the Class's favor permanently enjoining Defendant from the unlawful conduct alleged and awarding actual or liquidated damages, "trebled, according to proof[.]"  (*Id.*)  Plaintiffs ask the Court to award costs of the suit, including reasonable attorney fees.  (*Id.*)

## II.    DISCUSSION

"[B]oth the Supreme Court and [the Ninth Circuit] have held that whether or not the parties raise the issue, federal courts are *required* sua sponte to examine jurisdictional issues such as standing."  *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008)

ORDER TO SHOW CAUSE - 2

(internal citation omitted).  Standing is a threshold inquiry in every federal case, and it involves an inquiry into whether "a plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant [their] invocation of federal-court jurisdiction to justify exercise of the court's remedial powers on [their] behalf." *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (citations and quotation marks omitted).  To establish standing, Plaintiff must show it suffered an injury in fact that is concrete, particularized, and actual or imminent; fairly traceable to the challenged conduct of the defendant; and likely redressable by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992).

"Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016).  For an injury in fact to exist, a statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo v. Robins*, 578 U.S. at 338). "[A] plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* (citation modified).  As the party invoking federal jurisdiction, Skechers bears the burden of establishing the existence of a case or controversy under Article III.

Here, Plaintiffs seek statutory damages pursuant to CEMA, as well as treble damages under both CEMA and the CPA.  (Dkt. No. 28 at 16.)  Plaintiffs also seek injunctive relief seeking Defendant's compliance with CEMA.  (*Id.*)  The Washington Supreme Court recently held that "CEMA does not require a showing of injury for statutory damages to be awarded because the injury is receiving the e-mail that violates CEMA." *Brown v. Old Navy, LLC*, 567 P.3d 38, 45 (Wash. 2025).  However, the legislature's creation of a statutory prohibition or

ORDER TO SHOW CAUSE - 3

obligation and a cause of action "does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III[.]" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021). The Court "cannot treat an injury as 'concrete' for Article III purposes based only on [the legislature's] say-so," because "under Article III, an injury in law is not an injury in fact." *Id.* at 426–427. "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 427. The Ninth Circuit has interpreted *TransUnion* to "require[] a court to assess whether an individual plaintiff" claiming harm based on an intangible injury "has suffered a harm that has traditionally been actionable in our nation's legal system." *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025).

Despite alleging in its Notice of Removal that this Court has jurisdiction over this case, Skechers argues in its motion to dismiss that Plaintiffs allege they only "received" two of the offending emails and fail to allege "that they even *read*—let alone relied on and suffered an actual injury as a result of their reliance on—any purported misstatements." (Dkt. No. 30 at 27–28.) Skechers argues it is "wholly implausible" that "Plaintiffs (or anyone else) suffered any actual injury because a sale was extended by a day or more[.]" (*Id.* at 28.) Skechers argues the emails contained only "immaterial inaccuracies or omissions" and that Plaintiffs' CEMA claims "are not based on traditional tort theories" because they do not plead any of the requisite elements of such a theory. (*Id.* at 16, 20.)

Further, in its Notice of Removal, Skechers contends the Court has jurisdiction under CAFA, which provides federal district courts with original jurisdiction to hear a class action if (1) the class has more than 100 members, (2) the parties are minimally diverse, and (3) the matter in controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). Although there

ORDER TO SHOW CAUSE - 4

is "no antiremoval presumption" for cases removed pursuant to CAFA, the removing party must put forth evidence establishing jurisdiction if "the court questions[] the defendant's allegation[s]." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Here, Skechers has calculated the amount in controversy by multiplying (1) $1,500 (treble CEMA's statutory damage amount of $500 per violation), (2) the estimated number of class members ("at least 2,000 individuals") and (3) the number of emails received (at least two). (Dkt. No. 1 at 8–9.)  By multiplying these figures, Skechers arrives at a figure of $6,000,000, which does not include attorney fees.  (*Id.* at 9–11.)

In reviewing the language of the statute, the Court questions whether CEMA contemplates statutory damages of $500 *per recipient*, as opposed to $500 per e-mail.  CEMA provides that "[d]amages to the recipient of a commercial electronic mail message . . . sent in violation of this chapter are five hundred dollars, or actual damages, whichever is greater." Wash. Rev. Code § 19.190.040(1).  If CEMA's statutory damages are awarded per recipient, then the amount in controversy is far less, approximately $3,000,000, and a remand to state court for lack of subject matter jurisdiction would be required.

These representations appear to demonstrate that removal was improper and indicate the Court does not jurisdiction over this case.

### III.    ORDER

Accordingly, the Court orders Skechers to show cause, no later than **April 16, 2026** why this case should not be remanded to the Thurston County Superior Court for lack of subject matter jurisdiction.

Dated this 16th day of March, 2026.

David G. Estudillo
United States District Judge

ORDER TO SHOW CAUSE - 6