UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN LISS et al., Plaintiffs, v. SKECHERS USA INC., Defendant. | CASE NO. 3:25-cv-05861-DGE<br><br>ORDER GRANTING MOTION TO STAY PROCEEDINGS (DKT. NO. 40) |

Before the Court is Defendant's motion to stay proceedings. (Dkt. No. 40.) For the reasons set forth below, Defendant's motion is GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 22, 2025, Defendant Skechers USA Inc. ("Skechers") filed a notice of removal, removing Plaintiffs' complaint, originally filed in the Thurston County Superior Court, to federal court. (Dkt. No. 1.) On November 4, 2025, Plaintiffs Stephen Liss and Boni Melchor filed an Amended Complaint asserting causes of action against Defendant for violations of

Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA"). (Dkt. No. 28.)

On May 19, 2026, the Court denied Defendant's motion to dismiss. (Dkt. No. 42.) The Court found, among other things, that Plaintiffs' claims satisfied the injury-in-fact requirement for purposes of Article III standing.[1] (*Id.* at 4–8.) Shortly before the Court issued its order, Defendant filed the instant motion to stay, arguing the Ninth Circuit's pending decision in *Montes v. Penney OpCo, LLC, et al.*, Nos. 25-8045, 26-241 (9th Cir.) will address whether this Court has Article III standing over the claims in this case. (Dkt. No. 40 at 13–14.) In the underlying case, United States District Judge Thomas O. Rice granted a motion to dismiss a plaintiff's CEMA and CPA claims, finding the mere receipt of emails with a misleading or false subject line did not constitute a sufficiently concrete harm for purposes of Article III standing. *Montes v. Catalyst Brands LLC et al*, Case No. 2:25-cv-00281-TOR, Dkt. No. 14.

Defendant further argues the Court should stay this case pending the Ninth Circuit's decision in *Montes v. SPARC Group, LLC*, No. 23-35496 (9th Cir.), which will consider whether a plaintiff states a claim under the CPA absent an allegation of actual economic loss. (Dkt. No. 40 at 10–13.)

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power includes staying an action "pending resolution of independent proceedings which bear upon the case."

[1] Notably, Defendant agrees that "receipt of alleged spam communications regulated by statutes such as CEMA constitutes a concrete injury sufficient to confer Article III standing." (Dkt. No. 36 at 8.)

*Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–864 (9th Cir. 1979), *cert denied*, 444 U.S. 827 (1979)). To determine whether a stay is appropriate, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962). Among those competing interests are (1) the possible damage which may result from granting a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Id.* "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–434 (2009). The moving party additionally bears the burden to "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *CMAX, Inc.*, 300 F.2d at 255.

## III. DISCUSSION

The Court acknowledges that Judge Rice's ruling is in direct conflict with the Court's finding concerning Article III standing. The Court also acknowledges that other judges, in this district and elsewhere, have reached the same conclusion as Judge Rice. *See Stutsman et al v. Sirius XM Radio LLC*, Case No. 2:25-cv-01113-LK, Dkt. No. 34 (collecting cases). The Court further acknowledges that several judges in this district and elsewhere have issued stays in CEMA cases pending rulings from the Ninth Circuit. (*See* Dkt. No. 77) (collecting cases). Having reviewed these orders and weighed the competing interests in this case, the Court finds it prudent to stay this case pending guidance from the Ninth Circuit, which will significantly impact the course of this case and other CEMA cases currently before the Court.

## IV. ORDER

Defendant's motion to stay proceedings (Dkt. No. 40) is GRANTED. All pending motions in this case (Dkt. Nos. 46, 65) are DENIED without prejudice and may be re-filed following the Ninth Circuit's decisions, as applicable. The Parties are ORDERED to submit a joint status report within 14 days of a decision(s) in the *Montes*' matter(s).

Dated this 25th day of August, 2026.

David G. Estudillo
United States District Judge